## Case No. 4,988.

### FOUR HUNDRED AND SIX HOGSHEADS OF MOLASSES.

[4 Blatchf. 319.] [1]

Circuit Court, S. D. New York. May 17, 1859.

Welcome R. Beebe, for libellants.
James N. Platt, for claimants.

NELSON, Circuit Justice. It is quite clear that the purchase of the molasses by the firm of T. R. Gordon & Co., at Matanzas, was not absolute, so as to vest the title, legal or beneficial, in it; and that the transfer of title depended upon the payment of the drafts at New York. The molasses was shipped in the name of the vendors, and bills of lading were taken in the usual way, and the bills of lading, drafts, &c., were forwarded to their correspondents, to close the transaction. Reid & Nash advanced the purchase money, on the security of the bills of lading, and the cargo of molasses became subject to this advance. There can be no claim, therefore, upon the cargo, for the payment of the charter money, founded upon the idea that the molasses belonged to the charterers. This brings the case down to the question as to the effect to be given to the words at the foot of the bill of lading, "without prejudice to charter party." On the part of the libellants it is insisted, that these words should be construed as qualifying the price of the freight stipulated in the bill of lading, and as subjecting the shipper to the payment of the charter money, though that should exceed the specified freight. On the part of the claimants it is insisted, that these words were intended only to guard against any waiver of the charter money, as between the charterers and the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

owner. I am inclined to adopt the latter view.

The bill of lading contains the contract between the shipper and the master, and in it the latter stipulates to carry the cargo at a fixed rate; and it appears to me, that if he intended to qualify the contract in respect to the rate of the freight, he should have used more specific terms than those relied on. The shipper was specially interested in the matter of freight, as it was to be paid by him or his agent on the arrival of the cargo; and it is quite clear that he had a right to enter into this particular contract for the freight, without regard to the charter party. In the case of Heckscher v. McCrea, 24 Wend. 304, it was held, that if the charterer had no cargo at the place stipulated in the charter party, the master was bound to take cargo offered by others, sign bills of lading therefor, and credit the proceeds of the freight to the charterer, and look to the charter party for any balance. The master may have had this rule of law in view when he consented to enter into the special contract of affreightment irrespective of the terms in the charter. Even if the charter party contained a clause hypothecating the cargo for the freight (which it does not), it would be difficult to maintain the position that the consent by the master to ship the goods of a third party for a specific freight, differing from that in the charter party, should not be binding between the parties.

It was insisted, on the argument, that there was some collusion between Reid & Nash and T. R. Gordon, with a view to evade the lien or liability of the cargo for the charter money. I am not satisfied that the evidence in the case supports any such conclusion; but, if it did, the question here is solely between the shippers (C. E. Poujaud & Co.) and the owner, as the former were bound to pay the freight; and, if the cargo is liable for the balance of the charter money, instead of the price specified in the bill of lading, the loss would fall on them. At least, this is the necessary conclusion from the terms of the bill of lading, and there is nothing in the proofs tending to contradict it.

Upon the whole, after the best consideration I have been able to give to the case, I think that the decree below should be reversed, with costs, and a decree be entered charging only the freight specified in the bill of lading; and, as this was tendered, this decree must be entered without costs.